IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **CARLOS MARTIN**<br><br>Plaintiff,<br><br>vs.<br><br>**FIRST ADVANTAGE BACKGROUND SERVICES CORPORATION**<br><br>Defendant. | CASE NO. 1:18-cv-740 |

**COMPLAINT**
**[JURY TRIAL DEMANDED]**

## PRELIMINARY STATEMENT

1. This is an action for damages against Defendant First Advantage Background Services Corp. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Carlos Martin is an adult individual residing in Cincinnati, Ohio and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant First Advantage Background Services Corporation ("First Advantage") is a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and § 1681a(f), respectively, and regularly conducts business in the Southern District of Ohio.

**Factual Allegations**

6. In or around June 2018, Plaintiff applied for employment with Home Depot Product Authority, LLC ("Home Depot").

7. As part of his job application, Plaintiff signed a document purportedly authorizing Home Depot to obtain a consumer report for employment purposes.

8. Home Depot contracts with First Advantage to supply "consumer reports" as defined by 15 U.S.C. § 1681a(d) for employment purposes.

9. First Advantage reported to Home Depot that Plaintiff had a felony conviction that actually belongs to a difference individual with the same name ("the Inaccurate Information").

10. The Inaccurate Information grossly disparages Plaintiff and has an adverse effect on his ability to obtain employment.

11. The Inaccurate Information appears to be caused by a misreading of public records that upon information and belief results from an flaw and automated process. A basic review of publicly available information reveals the inaccuracies.

12. First Advantage never notified Plaintiff "at the time" it furnished an employment consumer report containing derogatory public record information about him, as required by 15 U.S.C § 1681k(a)(1).

13. Additionally, First Advantage does not maintain strict procedures designed to ensure that such information is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2).

14. Plaintiff's employment was subsequently delayed at Home Depot and was informed by Home Depot that the basis for this delay was the Inaccurate Information.

15. As a result of First Advantage's conduct, Plaintiff has suffered actual damages in the form of delayed employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

16. At all times pertinent hereto, First Advantage was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of First Advantage.

17. At all times pertinent hereto, First Advantage's conduct, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of Plaintiff.

## COUNT I – VIOLATIONS OF THE FCRA

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, First Advantage is liable to Plaintiff for willfully and/or negligently failing to comply with the requirements of 15 U.S.C. § 1681e(b) and 1681k(a).

20. As a result, First Advantage is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

21. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

          Respectfully submitted,

          O'TOOLE, McLAUGHLIN, DOOLEY &
          PECORA, CO. LPA

By:   /s/ Matthew A. Dooley
       Matthew A. Dooley (0081482)
       5455 Detroit Road
       Sheffield Village, Ohio 44054
       Telephone:  (440) 930-4001
       Facsimile:  (440) 934-7208
       Email:  mdooley@omdplaw.com

       Joseph L. Gentilcore*
       Francis & Mailman, P.C.
       Land Title Building, 19th Floor
       1600 Market Street, 25th Fl.
       Philadelphia, PA 19103
       Telephone:  215-735-8600
       Facsimile:  215-940-8000
       E-mail: jgentilcore@consumerlawfirm.com

*Attorney for Plaintiff*

\* *Pro Hac Vice Application to be filed*

Dated: October 26, 2018